UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIA DOZ,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN P. DANIUK,<br><br>Defendant. | Docket No. **05-11829 RWZ**<br><br>RECEIPT # 66709<br>AMOUNT $ 250.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. M.P.<br>DATE 9/8/05<br><br>A Civil Action |

MAGISTRATE JUDGE **JGD**

### PETITION FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

Julia Doz ("Doz" or the "Plaintiff"), by and through her counsel, Glen Hannington, brings this action against Stephen P. Daniuk ("Daniuk" or the "Defendant"; Plaintiff and Defendant sometimes referred to collectively as the "Parties"), to enforce her rights with respect to the monetary proceeds arising from the sale of certain real property which was owned jointly by the Parties.

In support of her action, Doz says, states and avers as follows:

### PARTIES

1. Doz is an individual who resides in Dorchester (Boston), Massachusetts. She is a citizen of the Commonwealth of Massachusetts.

2. Daniuk is an individual with a last known residence in the State of Maine. He is believed to be a citizen of the State of Maine.

### SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... ."

4. This court has jurisdiction to grant declaratory judgment and injunctive relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Pro. 57 and 65.

### PERSONAL JURISDICTION

5. This Court has personal jurisdiction over Daniuk because he was a resident of the Commonwealth of Massachusetts at the time of the purchase of the Maine property, and because Doz provided him a portion of the purchase price while both were physically present in Massachusetts.

### VENUE

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to [this] claim occurred" in Massachusetts.

### FACTS

7. In 1984, Plaintiff advanced Defendant, her son, the sum of at least one hundred thousand dollars ($100,000.00), to be used for the purchase of a piece of real property in Maine. An investigation of banking records will be necessary in order to determine the exact amount of this loan.

8. On June 8, 1984, Plaintiff and Defendant took title as tenants in common to two plots of land on Agamenticus Avenue in York, Maine (the "Premises") in a deed from Josiah Eaton Bacon, II ("Bacon"). See deed from Bacon, attached as Exhibit "A."

9. Subsequent to taking title, Plaintiff and Defendant caused to be constructed upon the Premises a single-family dwelling.

10. At all times since construction, Defendant has resided at the Premises. Plaintiff has resided elsewhere.

11. Defendant forbade his mother from residing at or even visiting the Premises, and otherwise completely denied her any and all use and enjoyment of the Premises for the two decades from the time of the construction of the dwelling until the sale of Premises in June of 2005.

12. During this time, Defendant paid the Plaintiff no rent or other compensation for his period of exclusive use and enjoyment of the Premises.

13. Various mortgages were at one time or another jointly taken on the Premises by the Parties, including a one hundred thousand dollar ($100,000.00) mortgage to Bacon on June 15, 1984; a twenty-five thousand dollar ($25,000.00) mortgage to Maine Savings Bank on September 19, 1989; a forty thousand dollar ($40,000.00) mortgage to Chester E. Homer, III, on November 25, 1991; and a seventy-five thousand dollar ($75,000.00) mortgage to Ocean National Bank on October 25, 1994.

14. Plaintiff has paid an undetermined amount of money to Defendant since they took title to the Premises, usually in the form of personal checks to him.

15. On or about April 1, 2005, Plaintiff received a letter from Defendant's attorney dated March 25, 2005, informing her that Defendant intended to sell the Premises, demanding that she assent to its sale on terms undisclosed to her in the letter, and threatening her with legal action and imposition of court and attorney's fees if she for any reason objected to the sale. See Letter, attached as Exhibit "B."

16. On June 28, 2005, the Parties executed a deed conveying the Premises for consideration in the amount of one million, one hundred thousand dollars ($1,100,000.00). See deed to Monks, attached as Exhibit "C."

17. About this time, Defendant, through his attorney, by letter dated May 24, 2005, offered to Plaintiff the sum of one hundred fifty thousand dollars ($150,000.00) from the net proceeds of the sale. See letter from Bradley M. Lown, attached as Exhibit "D."

18. The Parties agreed that each would take one hundred fifty thousand dollars ($150,000.00) from the proceeds of the sale, with the balance being placed in escrow until agreement could be reached, by the Parties or by a court, on a final settlement figure.

19. That balance, consisting of $691,630.92, plus accumulating interest, is currently being held in escrow.

20. Doz claims at least half that balance as her own. Daniuk has rejected that claim.

## CONCLUSION

WHEREFORE, the Plaintiff prays for this Court to determine the amount of the balance of proceeds to be awarded to her, as well as attorney's fees, costs of suit, and such other relief as this Court deems to be just and proper in the circumstances that are presented.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury as to all questions so triable.

RESPECTFULLY SUBMITTED,

_____
Glen Hannington, Esquire
Law Offices of Glen Hannington
One Longfellow Place, Suite 3409
Boston, MA 02114
Telephone: 617-725-2828

Facsimile: 781-821-6262
E-Mail: glenhannington@aol.com
Attorney for the Plaintiff

BOOK 3314 PAGE 168

WARRANTY DEED
~~Joint~~ Tenancy in Common
Maine Statutory Short Form

16919

# Know all Men by these Presents,

That   JOSIAH EATON BACON, II

of   Longwood   , County of   Seminole   , State of   Florida   ,

~~being unmarried~~ for consideration paid, grant to   STEPHEN P. DANIUK and JULIA DOZ

of   Chelmsford   , County of   Middlesex   , State of   Massachusetts

whose mailing address is   20 Erlin Road, Chelmsford, MA 01824

in common,
with **warranty covenants** as ~~joint~~ tenants the land in   York   , County of   York   ,

State of Maine, described as follows:

All of the land shown as Lot 4 and Lot 5 on a plan entitled
"Plan of Lots at Passaconaway, Agamenticus Avenue, York, Maine"
dated June, 1982, prepared by Anderson Associates, and recorded in
the York County Registry of Deeds in Plan Book 118, Page 7.

Said premises are conveyed subject to (i) real estate taxes
for the current year and any betterments, assessments or charges
as are not due and payable, which taxes, charges or assessments
the Grantees assume and agree to pay; (ii) the conditions of sub-
division approval relating to improvement of Cove Road as set forth
on the above-referenced plan, it being understood and agreed that
the improvement and maintenance of said Cove Road shall be at the
sole cost and expense of the Grantees, theirs heirs and assigns; and
(iii) rights of way, restrictions and easements, if any, of record.

And   HELEN H. BACON

~~husband~~/wife of said grantor, joins as grantor, and releases all rights by descent and all other rights.

**Witness**   our   hands and seals this   8th   day of the month of
June   , 1984 .

Signed, Sealed and Delivered
in presence of

_Sandy F. Petrikman_          _Josiah Eaton Bacon, II_
                              Josiah Eaton Bacon, II

_Nancy E. English_            _Helen H. Bacon_
     Florida                  Helen H. Bacon

State of ~~Maine~~, County of   Seminole   ss.   June 8th, 1984 .

Then personally appeared the above named   Josiah Eaton Bacon, II

and acknowledged the foregoing instrument to be   his   free act and deed.

Before me,

_Nancy E. English_

~~Attorney at Law~~   Notary Public   ~~Justice of the Peace~~
Type Name: Nancy E. English  STATE OF FLORIDA AT LARGE
My Commission Exp: MY COMMISSION EXPIRES APRIL 4 1985
                    BONDED THRU GENERAL INS. UNDERWRITERS

RECEIVED
1984 JUN 20 AM 10: 42
RECORDED REGISTRY OF DEEDS

# COUGHLIN, RAINBOTH, MURPHY & LOWN
### ATTORNEYS AT LAW • PROFESSIONAL ASSOCIATION

439 Middle Street
Portsmouth, NH 03801

Telephone: (603) 431-1993
Facsimile: (603) 431-8333

TIMOTHY C. COUGHLIN*†°
MICHAEL P. RAINBOTH*†
KENNETH D. MURPHY**
BRADLEY M. LOWN*†

March 25, 2005

Julia Doz
3 Bayside Street
Dorchester, MA 02125-1039

Dear Ms. Doz:

    This office represents your son, Stephen, in connection with his desire to sell the real estate located at 49 Agamenticus Avenue in Cape Neddick, Maine.

    I would urge you to retain legal counsel and to pass this letter on to your attorney and have your attorney contact me.

    Stephen has authorized me, at least initially, to escrow the net proceeds of any sale of the property in exchange for your agreement to sign any and all necessary documentation to sell and transfer the property, including the listing agreement, purchase and sale agreement, and deed. After the sale of the property (or before) we could engage in a negotiation to resolve the issue of the division of the net proceeds.

    If you are not willing to sign the necessary documents to list, sell and transfer the real estate, then Stephen will have no choice but to retain me to file an appropriate action in a Maine court to force you to do so. If that is necessary, I will point out to the court that I had offered to escrow all of the net proceeds which would in no way prejudice you and I will ask the court to order you to pay all attorneys fees incurred.

Admitted in *N.H., †Maine, °Mass., •Conn.

At this time, I am not going to make any proposal regarding the division of the net proceeds of the property. I will leave that to a discussion with your attorney, after consideration of all of the facts of the case.

Please respond to this letter or have your attorney respond to this letter no later than 30 days from the above date. I reserve the right to show this letter to the court in the event that Stephen is forced to unnecessarily litigate in order to get your signature on the necessary documents.

Thank you very much.

Very truly yours,

Bradley M. Lown

BML:kbd
cc:  Stephen Daniuk

Doc# 20050335952
Bk 14512 Pg 0026 - 0027
Received York ss
06/29/2005  2:34PM
Debra L. Anderson
Register of Deeds

"C"

Heritage Title Services, L.L.C.
402 The Hill, Deer Street
Portsmouth, NH 03801
603-431-6233
603-431-5481 fax

MAINE R.E. TRANSFER TAX PAID

## WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS that we, Stephen P. Daniuk, married, of 49 Agamenticus Avenue, Cape Neddick, County of York, State of Maine and Julia Doz, single, Trustee of the Agamenticus Avenue Nominee Trust of 3 Bayside Street, Dorchester, Massachusetts, for consideration paid, grant to David E. and Nancy Monks, husband and wife, as joint tenants, both of PO Box 28, Cape Neddick, Maine the following parcel of land with the buildings thereon, situated in Cape Neddick, County of York, State of Maine, with WARRANTY covenants, more particularly bounded and described as follows:

All of the land shown as Lot 4 and Lot 5 on a plan entitled "Plan of Lots at Passaconaway, Agamenticus Avenue, York, Maine dated June, 1982, prepared by Anderson Associates, and recorded in the York County Registry of Deeds in Plan Book 118, Page 7. Further deed of Julia Doz to Julia Doz, trustee dated 5/23/02 recorded book 11656, Page 336
Meaning and intending to convey the premises conveyed to the grantors by deed of Josiah Eaton Bacon, II dated June 8, 1984 and recorded at Book 3314, Page 168 of the York County Registry of Deeds.

Signed this 28th day of June, 2005.

_____
Stephen P. Daniuk

_____
Julia Doz, Trustee of the Agamenticus Avenue Nominee Trust

COUGHLIN, RAINBOTH, MURPHY & LOWN, P.A. · ATTORNEYS AT LAW
439 MIDDLE STREET PORTSMOUTH, NEW HAMPSHIRE 03801

STATE OF _New Hampshire_
COUNTY OF _Rockingham_                    _June 29_, 2005

Then personally appeared Stephen P. Daniuk, and acknowledged the foregoing **SEAL** instrument to be his free act and deed, before me,

_____
~~Justice of the Peace~~/Notary Public

Bradley M. Lown, Esquire
439 Middle Street
Portsmouth, NH 03801
My commission expires March 28, 2006

STATE OF Massachusetts
COUNTY OF Suffolk

Then personally appeared Julia Doz,* Trustee of the Agamenticus Avenue Nominee Trust, and acknowledged the foregoing instrument to be her free act and deed, before me, proven to me to be the person whose name is signed hereto by satisfactory evidence of identification, which was a valid Massachusetts I.D

_____
Justice of the Peace/Notary Public



**END OF DOCUMENT**

COUGHLIN, RAINBOTH, MURPHY & LOWN, P.A. - ATTORNEYS AT LAW
439 MIDDLE STREET, PORTSMOUTH NEW HAMPSHIRE 03801

# COUGHLIN, RAINBOTH, MURPHY & LOWN

ATTORNEYS AT LAW • PROFESSIONAL ASSOCIATION

439 Middle Street
Portsmouth, NH 03801

Telephone: (603) 431-1993
Facsimile: (603) 431-8333

TIMOTHY C. COUGHLIN*†
MICHAEL P. RAINBOTH*†
KENNETH D. MURPHY*†
BRADLEY M. LOWN*†

May 24, 2005

George Morancy, Esquire
Adams & Morancy
416 West Broadway
South Boston, MA 02127
fax 617-269-5923

       RE: Daniuk/Doz - Sale of Cape Neddick, Maine Real Estate

Dear George:

    Thank you for your kind assistance in getting your client to sign the purchase and sale agreement for the sale of the Cape Neddick, Maine real estate.

    This letter will set forth a proposal, without prejudice, to pay a sum from the proceeds of the sale of the Cape Neddick real estate to your client.

    In considering this proposal, I would note the following:

1. When Steve was married to his first wife, he built a house in West Newbury, Massachusetts. In connection with that, Steve's parents loaned Steve and his first wife between $10,000 and $20,000.
2. When Steve got divorced in 1976, his parents recouped a portion of their investment (Steve and his first wife signed a promissory note), but did not recoup an additional sum of approximately $25,000 which represented an initial loan to acquire the land.
3. Steve was married to his second wife, Therezia, on June 27, 1982.
4. In early 1984, Steve arranged for the purchase of real estate located in Cape Neddick and consisting of two lots, lots 4 and 5, Agamenticus Avenue in York, Maine. The purchase price of both lots was $225,000.00.
5. Steve obtained the purchase price from two sources. First, his mother, Julia Doz, of 3 Bayside Street, Dorchester, Massachusetts, gave him $100,000.00 towards the purchase of one of the lots.
6. Steve's second wife, Therezia, gave him $120,000.00 for the purchase of the other lot.

Admitted in *N.H., †Maine, *Mass., *Conn.

7.  At the time Steve's mother provided the $100,000.00, there was no documentation of any kind – no promissory note and no mortgage, but Ms. Doz wanted to be on the title to protect the property from Steve's second wife in the event of a second divorce (she had learned from her experience with Steve's divorce). It is also possible that Steve's mother saw the $100,000.00 as a loan and wanted to protect her right to recoup it.

8.  By deed dated June 8, 1984, Josiah Eaton Bacon, II conveyed both lots (lots 4 and 5) to Stephen P. Daniuk, and his mother, Julia Doz as tenants in common.

9.  Steve is an only child, and his mother is approximately 80 years old. She has indicated that he is not a beneficiary under the terms of her will.

10. If a court were to agree with Mr. Daniuk that Julia Doz' contribution was a gift, she would not be entitled to recoup any portion of the gift. The factual basis for considering it a gift is that Julia Doz was trying to prevent Steve's second wife from claiming any portion of that amount in the event of a divorce.

11. During the course of Steve's ownership of the property, he has paid taxes totaling $121,045.00 since 1985.

12. Steve took out a mortgage in the original amount of $65,000.00 and all of the proceeds went to improve the house. He has paid interest on this mortgage totaling $136,515.00.

In light of the above, and without prejudice, Mr. Daniuk is willing to offer your client the sum of $150,000.00 in exchange for a release. Would you kindly let me know as soon as possible if this is acceptable to your client, and the factual basis for any counterproposal?

Thank you very much.

Very truly yours,

Bradley M. Lown

BML:kbd
cc: Steve Daniuk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __DOZ v. DANIUK__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 - 11829 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __Portland, Maine - 05CV166PH__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Coby Hannington__
ADDRESS __1 Long Fellow Place, ste 3409, Boston, Mass. 02114__
TELEPHONE NO. __617-725-2828__

(CategoryForm.wpd - 5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JULIA DOZ

**DEFENDANTS**
STEPHEN P. DANIUK

(b) County of Residence of First Listed Plaintiff   **SUFFOLK**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **YORK, ME**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Glen Hannington, 1 Longfellow Pl., Ste. 3409, Boston, MA 02114 617-725-2828

Attorneys (If Known)
Bradley M. Lown, Couglin, Rainboth, Murphy & Lown, 439 Middle St., Portsmouth, NH 03801 603-431-1993

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05-11829RWZ

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. s. 1332(a)
Brief description of cause:
Petition for declaratory judgment as to division of proceeds from sale of jointly held real property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:) JUDGE UNK   DOCKET NUMBER 05CV166PH

DATE 9-8-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____