## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Julia Doz, * | |
| * | |
| Plaintiff * | Docket No. 05-11829 RWZ |
| vs. * | |
| * | |
| Stephen P. Daniuk, * | |
| * | Civil Action |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO DISMISS  (WITH MEMORANDUM INCORPORATED)

NOW COMES the defendant, Stephen P. Daniuk, by and through his attorneys, Coughlin, Rainboth, Murphy & Lown, PA, and moves to dismiss the <u>Petition for Declaratory Judgment and Demand for Jury Trial</u> filed by the plaintiff on or about September 8, 2005 and states in support as follows:

1.      The <u>Petition</u> involves a dispute between the parties as to the division of the net proceeds of the sale of certain real estate located at 49 Agamenticus Avenue, Cape Neddick, Maine (the "real estate").

2.      The plaintiff is the mother of the defendant, and she "loaned" (see paragraph 7 of the <u>Petition,</u> or gifted, the sum of approximately $100,000.00 to the defendant to purchase the real estate in 1984.

3.      The real estate sold on June 29, 2005, and after dividing a portion of the net proceeds between the parties hereto, the sum of $691,630.92 was placed in escrow.

4.      The <u>Petition</u> addresses precisely the same cause of action set forth in the <u>Petition for Declaratory Judgment</u> filed on July 1, 2005 in the York County (Maine) Superior Court.  Attached hereto as Exhibit A is a copy of the <u>Petition</u>.

5.      The Affidavit of George Morancy dated August 30, 2005 is inaccurate and misleading, as a brief review of the letter attached to the petition will indicate.

6.      The letter attached to the petition from counsel for the defendant herein to the petitioner mentioned litigation in Maine, and in fact counsel for the defendant herein discussed litigating disputes in Maine with counsel for the petitioner and at no time did the petitioner or her attorney, George Morancy ever object in any way to

having the case litigated in the state of Maine.  It was therefore obvious beginning on March 25, 2005, that the defendant herein would seek litigate in Maine courts as admitted by Attorney Morancy in his affidavit.  It is therefore disingenuous, inaccurate and misleading for Attorney Morancy to say, as he states under oath in paragraph 7 of his affidavit that he was "stunned" when the case was filed "in a Maine court" and that the filing in Maine "came as a complete surprise" to Attorney Morancy (paragraph 9 of the Affidavit).

7.      Attorney Morancy states in paragraph 9 of his affidavit that the filing in Maine was "inconsistent with all written and oral conversations to that point . . ." but he can point to no written evidence in support of this false allegation.

8.      Attorney Morancy states in paragraph 9 of his affidavit that the filing in Maine put his client "at a great disadvantage".  This is disingenuous and false, as the petitioner herself has appeared at least twice in Portsmouth, New Hampshire to close and to discuss resolution of the matter, and never complained of any difficulty in traveling to Portsmouth, which is approximately 15 miles south of the subject property.

9.      Similarly, the affidavit of Julia Doz dated August 29, 2005 is an attempt to depict the petitioner herein as an elderly, feeble individual.  The petitioner is in fact hale and hearty and never complained about her two trips to Portsmouth in connection with the sale of the subject property.

10.     On or about September 2, 2005, the plaintiff in this action filed a <u>Notice of Removal</u> purporting or attempting to remove the case to the United States District Court for the District of Maine.

11.     On September 2, 2005, the defendant in this action objected to the removal.  A copy of that Objection is attached hereto as Exhibit B. The U.S. District Court for the District of Maine held on October 24, 2005 that the removal was not timely and remanded the case to the York County Superior Court.  Attached hereto as Exhibit B is a copy of the Order.

12.     The real estate is located in Maine, the plaintiff in this action loaned money to the defendant to purchase the real estate in Maine.  The defendant in this action lived at the real estate for more than 20 years in Maine, the mortgages referenced in Paragraph 13 of the <u>Petition</u> were taken out in Maine, and all improvements to the real estate were, obviously, done in Maine.

13.     The defendant in this action has no contacts at all with the Commonwealth of Massachusetts and has never been a resident of Massachusetts at any relevant time, and thus Massachusetts has no jurisdiction over the defendant personally.

14.    The Commonwealth of Massachusetts has no jurisdiction over the subject matter of this case.

15.    The only reason the plaintiff in this case filed this action in Massachusetts is because the plaintiff lives near the courthouse and her attorney does not practice in the state of Maine and missed the deadline for removing it to the U.S. District Court for the District of Maine.

16.    For some unknown reason, counsel for the petitioner in this action attached to the Petition two letters from counsel for the defendant in this action. One of the letters was clearly an offer of compromise within the meaning of F.R.E. 408 and is clearly inadmissible and it is improper for the petitioner's counsel to have included the letter of May 24, 2005 from counsel for the defendant herein to prior counsel to the petitioner.

17.    In her Motion to Consolidate, the plaintiff in this action erroneously states that "on this date" (presumably the date the Motion was filed) "an action for declaratory judgment against Daniuk virtually identical to the action pending in the District of Maine" was filed. This is completely false; as noted above the defendant herein filed a petition 2 ½ months ago, on July 1.

18.    In paragraph 2 of the Motion to Consolidate, the plaintiff herein complains that the action was commenced in Maine, and presumably objects to jurisdiction in Maine. In fact, the plaintiff herein has owned the subject real estate with the defendant herein for the last 20 years in Cape Neddick, Maine and therefore is clearly subject to the jurisdiction of the courts of the state of Maine.

19.    The Petition should not have been filed in this court, given that the defendant herein filed suit for precisely the same cause of action over 2 ½ months ago, and particularly given the plaintiffs effort to remove the case to the U.S. District Court for the District of Maine.

20.    Even if this Court had personal or subject matter jurisdiction, this Court should decline to exercise it for the reasons set forth in Dow Jones and Company v. Harrods, (S.D.N.Y 2002) 237 F. Supp.2d 394. This Court must weigh the ability of the Maine Court to adequately and efficiently resolve the issues between the parties and the convenience of the parties. In this case there was no "race to the Courthouse", as a cursory review of the dates involved will demonstrate. The doctrine of comity compels this Court to show deference and mutual respect to the pending State Court action, and this consideration outweighs the convenience of one of the parties. Ibid.

WHEREFORE, the defendant herein respectfully prays that this Honorable Court:

A.    Dismiss this action with costs and attorneys fees to the defendant herein; and

B.    Grant such further relief as is just under the circumstances.

RESPECTFULLY SUBMITTED,
Stephen P. Daniuk
By his attorneys

/s/ Bradley M. Lown
Date:  December 20, 2005       By:_____
Bradley M. Lown, Esquire
COUGHLIN, RAINBOTH, MURPHY & LOWN, PA
439 Middle Street
Portsmouth, New Hampshire 038901
(603) 431-1993

-and-

/s/ R. Bradford Bailey
Date:  December 20, 2005       By:_____
R. Bradford Bailey, Esquire  BBO#549749
DENNER ASSOCIATES, P.C.
Four Longfellow Place, 35th Floor
Boston, MA  02114
(617) 227-2800