UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************
Julia Doz,                          *
                                    *
            Plaintiff               *    Docket No. 05-11829 RWZ
vs.                                 *
                                    *
Stephen P. Daniuk,                  *
                                    *
            Defendant.              *
*********************************
```

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES the defendant, Stephen P. Daniuk, by and through his attorneys, Coughlin, Rainboth, Murphy & Lown, PA, and answers the Complaint dated September 8, 2005 (but not served on the Defendant until December 1, 2005) and states in support as follows:

1. The Defendant admits the allegations set forth in Paragraph one.

2. The Defendant denies the allegations set forth in Paragraph two and answers that the Defendant is currently a resident of New Hampshire.

3. The Defendant denies the allegations set forth in Paragraph three and further answers that this Court has no jurisdiction over the defendant or the subject matter of this case, as set forth in the Motion to Dismiss previously filed.

4. The Defendant denies the allegations set forth in Paragraph four. See above.

5. The Defendant denies the allegations set forth in Paragraph five. The Defendant was at no time a resident of Massachusetts. He has lived in Maine for over twenty years and currently resides in New Hampshire.

6. The Defendant denies the allegations set forth in Paragraph six and further answers that none of the actions involved in this dispute occurred in Massachusetts as set forth in the <u>Motion to Dismiss</u> previously filed.

7. The Defendant admits the allegations set forth in Paragraph seven and further answers that the "contribution" was in fact a gift.

8. The Defendant admits the allegations set forth in Paragraph eight and further answers that the Plaintiff took title to the subject real estate only to ensure that in the event of a divorce by the Defendant, the Plaintiff's contribution would be protected from any claim of the Defendant's wife.

9. The Defendant denies the allegations set forth in Paragraph. The Plaintiff herein played no role whatsoever in the construction of the residential home on the premises.

10. The Defendant admits the allegations set forth in Paragraph ten.

11. The Defendant denies the allegations set forth in Paragraph eleven and further answers that any time the Plaintiff wished to visit, she was welcome, and in fact the Plaintiff visited several times each year, for holidays and otherwise.

12. The Defendant admits the allegations set forth in Paragraph twelve and further answers that the Plaintiff never asked or expected to be paid anything and

during the same twenty year period the Defendant was working for the Plaintiff on the Plaintiff's apartments in Dorchester, Massachusetts for which he was not paid.

13.    The Defendant denies the allegations of paragraph 13.  The defendant took our three loans to construct the house on the premises, each one rolling over into the successive loan, the proceeds of which were used to construct the house on the premises.  At no time did the plaintiff herein make any payments on any of these loans.

14.    The Defendant admits the allegations set forth in Paragraph fourteen but further answers that such payments were gifts, and that the Plaintiff repeatedly said to the Defendant that all real estate owned by the Plaintiff "would be yours someday".

15.    The Defendant admits that the letter was written, and since defense counsel attached the letter to the Complaint (the letter is clearly inadmissible and to attach it is an ethical violation) the Court can read the letter for itself.

16.    The Defendant admits the allegations set forth in Paragraph sixteen.

WHEREFORE, the defendant herein respectfully prays that this Honorable Court:

A.    Dismiss this action with costs and attorneys fees to the defendant herein; and

B.    Grant such further relief as is just under the circumstances.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED,<br>Stephen P. Daniuk<br>By his attorneys<br>COUGHLIN, RAINBOTH, MURPHY & LOWN, PA |
| Date:  January 31, 2006 | By:   /s/ Bradley M. Lown<br>Bradley M. Lown, Pro Hac Vice<br>439 Middle Street<br>Portsmouth, NH 03801<br>(603) 431-1993 |