UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************
Julia Doz,                       *
                                 *   Docket No. 05-11829 RWZ
          Plaintiff              *
vs.                              *
                                 *
Stephen Daniuk,                  *
                                 *
          Defendant.             *
*********************************
```

## DEFENDANT'S MOTION TO STAY

NOW COMES the defendant, Stephen P. Daniuk, by and through his attorneys, Coughlin, Rainboth, Murphy & Lown and moves to stay this action pending the outcome of the action pending in the York County (Maine) Superior Court on the Petition For Declaratory Judgment dated July 1, 2005, and states in support as follows:

1. On or about July 1, 2005, the defendant herein, Stephen Daniuk, filed a Petition for Declaratory Judgment in the York County (Maine) Superior Court.

2. The Petition was filed in Maine after discussions with Massachusetts counsel for the defendant (who at no time objected to the filing of the case in Maine) and because the real estate and all matters pertaining to the dispute occurred in Cape Neddick, Maine, which is in York County.

3. Attached hereto is a copy of the Petition For Declaratory Judgment.

4. The claims set forth in the Petition For Declaratory Judgment are identical to the claims set forth in the Complaint filed by the plaintiff in this case.

5.  The plaintiff in this case, according to her Massachusetts counsel, filed this action in this court for the sole reason that the plaintiff "lives four miles from the courthouse."

6.  Even if this Court has personal jurisdiction over the defendant in this case or subject matter jurisdiction over the claims in the case, the Court should decline to exercise this jurisdiction and stay this action pending the outcome of the case in the York County Superior Court.

7.  It makes no sense in terms of judicial economy to litigate both cases in both courts simultaneously, with discovery proceeding in both courts and having the trial and other matters scheduled on a parallel basis with that of the York County Superior Court.

8.  The defendant, through her counsel, cannot argue that it is inconvenient for the plaintiff to travel to the York County Superior Court in Alfred, Maine, since the plaintiff's Massachusetts counsel attempted to remove the case to the United States District Court for the District of Maine in Portland, Maine, which is farther from the plaintiff's home than is the York County Superior Court.

WHEREFORE, the defendant in this case respectfully prays that this Honorable Court:

A.  Stay this action pending the outcome of the action in the York County Superior Court; and

B.   Grant such further relief as is just under the circumstances.

                              RESPECTFULLY SUBMITTED,
                              Stephen P. Daniuk
                              By his attorneys
                              COUGHLIN, RAINBOTH, MURPHY & LOWN, PA

Date:  March 10, 2006        By: /s/ Bradley
                              Bradley M. Lown, Esquire, Pro Hac Vice
                              COUGHLIN, RAINBOTH, MURPHY & LOWN, PA
                              439 Middle Street
                              Portsmouth, New Hampshire 038901
                              (603) 431-1993

                              -and-

Date:  March 10, 2006        By:     /s/ R. Bradford Bailey
                              R. Bradford Bailey, Esquire  BBO#549749
                              DENNER ASSOCIATES, P.C.
                              Four Longfellow Place, 35th Floor
                              Boston, MA 02114
                              (617) 227-2800

## CERTIFICATION

I hereby certify that the foregoing <u>Motion To Stay</u> was served on George Morancy, Esq. and Glen Hannington, Esq. on this 10th day of March in the manner specified herein:  electronically served through ECF.

                                            /s/ Bradley M. Lown
                                        Bradley M. Lown, Esq.