UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11829RWZ

|  |  |  |
|---|---|---|
| JULIA DOZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AFFIDAVIT OF ATTORNEY GLEN HANNINGTON |
| | ) | |
| STEVEN P. DANIUK, | ) | |
| Defendant. | ) | |

I, Glen Hannington, under oath hereby depose and state as follows:

1. I am the attorney for Julia Doz in this current action. I was not her counsel at the time that Defendant's counsel alleges that Julia Doz counsel at the time did not object to the filing of the Maine action.

2. There is no Maine real estate involved in any pending action. The dispute between the parties pertains to proceeds from the sale of real property which happened to be situated in Maine. It is false to state that "all matters pertaining to the dispute occurred in" Maine. Both Plaintiff and Defendant were residents of Massachusetts at the time that the real property was purchased and at the time that Plaintiff loaned Defendant a substantial portion of the real estate's purchase price. The check for said amount was delivered by the Plaintiff to the Defendant while both were in Massachusetts.

3. This action was filed in the United States District Court in Boston, Massachusetts, because this Court has both subject matter and personal jurisdiction, and because the Plaintiff, who is 80 years old, lives only four miles from the courthouse.

4. On July 1, 2005, the defendant won the race to the courthouse by filing this matter in the York County Superior Court in Alford, Maine. That distance and inconvenience of that forum is a substantial hardship for the elderly Plaintiff.

5. Defendant's paragraph 9 of the Motion to Stay is misleading in that it ignores the fact that the attempt to remove the Maine state matter to federal court in Maine was made only to facilitate a lateral transfer of the federal matter from the District Court in Maine to the District Court in Boston.

6. Because of the diversity of the parties, the Plaintiff is entitled to seek relief in the District Court for the District of Massachusetts.G

2

    7.        Counsel for both parties appeared in this Court at a February 28, 2006, pre-trial conference. At no point during the conference did counsel for Defendant raise seek the court relief requested in his present motion. Counsel in fact agreed at that time to participate in a telephone status conference on April 19, 2006.

Signed under the pains and penalties of perjury this 24th day of March, 2006.

                                      Signed,

                                      /s/ Glen Hannington

                                      Glen Hannington, Esq.